## Hilbish *et al. versus* Catherman *et al.*

1. Every order or decree granting or refusing a preliminary injunction is necessarily interlocutory.

2. A final decree is that which ends a case in the court below.

3. The Act of February 14th, 1866, applies only to appeals when a preliminary injunction is *granted;* an appeal is not allowed when such injunction is refused.

January 26th 1869.  Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ.  READ, J., absent.  WILLIAMS, J., at Nisi Prius.

Appeal from the decree of the Court of Common Pleas of *Union county:* In Equity: No. 105, to January Term 1869.

In the Court below this was a bill in equity to May Term 1868, in which Jacob Hilbish and others were plaintiffs and Ira Catherman and others, school directors, Abraham Mensch, treasurer, and Christian Mensch, collector of Lewis township, were defendants.

The bill set out the raising of subscriptions by certain citizens to pay bounties to volunteers and that the school directors had levied a tax to repay such subscriptions, and praying, amongst other things, " That a preliminary injunction issue from this court restraining said defendants from levying, and if levied, from collecting the said above-mentioned tax, until the matter of this bill of complaint be disposed."

There was a prayer also for a perpetual injunction.  After an answer was filed setting out, amongst other things, an Act of Assembly authorizing the tax, the case was heard on a bill and answer.  The principal question considered was the constitutionality of the Act of Assembly.

The court below refused the preliminary injunction, Woods, P. J., concluding his opinion :—

" The fate of the law rests with the Supreme Court, and so ought the responsibility to rest.  Holding this law, then, to be constitutional, the case of the plaintiff must fail whether on a preliminary or final hearing.  The motion for a preliminary injunction must therefore be dismissed until the Supreme Court determine as to the validity of this Act of Assembly."

The only question considered by the Supreme Court will be understood without any further statement of the case.

The plaintiffs appealed to the Supreme Court, and assigned for error the decree of the Court of Common Pleas refusing the preliminary injunction.

[Hilbish v. Catherman.]

*W. O. Lawson* and *J. M. Linn,* for appellants.

*A. H. Dill, J. O. Bucher* and *W. Van Gezer,* for appellees.

The opinion of the court was delivered, February 4th 1869, by SHARSWOOD, J.—It was provided by the 3d section of the Act of Assembly, passed April 21st 1846, Pamph. L. 433, that " any person or body corporate aggrieved by any final order or decree in equity" in the several Courts of Common Pleas, shall be entitled to an appeal to the Supreme Court.

Every order or decree either granting or refusing a preliminary injunction is necessarily interlocutory merely. A final decree is that which makes an end of the case in the court below. The final decree disposes ultimately of the suit: Adams on Equity 375; Brightly's Eq., § 796. But by the Act of February 14th 1866, Pamph. L. 28, it was further provided that "in all cases, in equity, in which a special injunction has been or shall be granted by any court" an appeal to the Supreme Court shall be allowed. It is evidently only in the case of an order or decree granting an injunction that this exception was introduced to the rule before established that appeals lie only from final orders or decrees in equity. There were strong reasons why this vast power, in the hands often of one man—this strong arm of equity as it has been called—should be subjected to immediate review. The same reason does not exist where the application for the injunction has been refused. But whether the reason be a sufficient one for such a distinction or not, it is enough for us to say, *Ita lex scripta est*— the legislature has plainly so declared.

Appeal quashed at the costs of the appellant.